Per Curiam.

In the year 1947, the respondent board of education decided to dispose of its property formerly used for the Fairmount Junior High School in Cleveland.
The property was duly advertised for sale at public auction. The highest bid received was the sum of $101,000. This subsequently was rejected by the board.
Then in 1949, the board again advertised the property for sale at public auction. It was at this sale that the relator submitted his bid of $131,000 which was the highest received. The auctioneer announced that the property was sold to the relator who then made the required deposit of $500 and also signed an instrument designated as an “auction sale agreement.” Thereafter the board rejected this bid also and returned the relator’s deposit. The relator now asks that the respondent board be required to execute and deliver a deed for the property.
The respondents contend that the allegations of the *96 relator’s petition are not sufficient to constitute a cause of action for a writ of mandamus.
In Section 12283, General Code, a writ of mandamus is defined as follows:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.”
And cognate Section 12287, General Code, contains the following limitation:
‘ ‘ The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.”
The respondents insist that the relator’s petition discloses no duty specially enjoined on the respondents by law; and it is urged further that, even if a binding contract between the parties be assumed, the relator has a plain and adequate remedy in the ordinary course of law, namely, an action for specific performance.
This court agrees that the relator has mistaken his remedy. The controversy between the parties is due chiefly to the fact that in the “instructions to bidders” as well as in the “auction sale agreement” is a specific, unambiguous provision that “the board of education reserves the right to reject any or all bids.” It is the contention of the relator that the respondent board is without statutory authority to reject bids and that hence the reservation of the right to reject them is of no validity whatsoever. A careful study of the pertinent statutes discloses no prohibition whatsoever against reserving the right to reject bids; and there is no affirmative provision that the receiving of bids at a public auction must inevitably result in a sale. With reference to this very property it is con *97 ceded that no sale resulted in 1947, when it was first offered for sale at a public auction and the bids were rejected. In this respect there clearly is no duty specially enjoined by law.
Whatever may be the relator’s rights in an action for the specific performance of a contract, his petition does not contain allegations on which a writ of mandamus can be based.

Writ denied.

Weygandt, O. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.